# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JENNIFER RAULERSON,**

        **Plaintiff,**

**-vs-**                                                            **Case No. 6:10-cv-238-Orl-18DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** February 9, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the complaint be dismissed**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th

Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Upon review, the instant complaint does not allege a non-frivolous cause of action within the Court's limited jurisdiction, and, as such, the motion should be **denied** and the complaint **dismissed**.

Here, it appears from the Complaint and the papers attached to it, that Plaintiff is seeking review of a December 17, 2009 decision of the Social Security Administration's Appeals Council, dismissing on *res judicata* grounds her request for an administrative hearing as to whether to reopen and reconsider a prior final determination (Doc. No. 1 at 3). While the federal courts have jurisdiction, pursuant to 42 U.S.C. § 405(g), to review final decisions of the Commissioner, a denial of a request to reopen a claim is generally not subject to federal court review. *See Sneed v. Barnhart* 214 Fed.Appx. 883, 885, 2006 WL 3770655, 2 (11th Cir. 2006) (noting a "lack of jurisdiction to review the Appeals' Council's refusal to reopen"); *Cash v. Barnhart*, 327 F.3d 1252, 1256-57 (11th Cir.2003) ("as a general matter, district courts do not have jurisdiction over the Commissioner's refusal to reopen a claim, since such a refusal is not a 'final decision' within the meaning of § 405(g)."). Nevertheless, subject matter jurisdiction will exist in those cases where "a social security claim is in fact reopened and reconsidered on the merits to any extent on the administrative level." *Macon v. Sullivan*, 929 F.2d 1524, 1529 (11th Cir.1991); *see also Passopulos v. Sullivan*, 976 F.2d 642, 645-46 (11th Cir.1992). Also, judicial review may be had where the claimant raises a colorable

constitutional issue. *Sherrod v. Chater,* 74 F.3d 243, 245 (11th Cir.1996). Construing the complaint liberally, the Court finds it does not fall within either limited exception.

As set forth in the Appeals Council's Order dismissing the request for hearing, the decision of the Administrative Law Judge ("ALJ") was dated April 14, 1998, and became final after the Appeals Council denied review and the District Court and Court of Appeals for the Ninth Circuit both affirmed the decision (Doc. No. 1 at 3). The Appeals Council determined that the doctrine of *res judicata* applied to Plaintiff's current application, and dismissed Plaintiff's request for a hearing, under that doctrine. The Eleventh Circuit has held that "an ALJ does not reopen a prior final decision when the ALJ evaluates evidence presented in support of the original application solely to make a reasoned determination of its res judicata effect on the second application." *Wolfe v. Chater*, 86 F.3d 1072, 1079 (11th Cir. 1996). The social security claim was therefore not, in fact, reopened and reconsidered on its merits. The first exception does not apply.

As for the second exception, to the extent it appears from the somewhat unclear handwritten attachments to the complaint that Plaintiff believes that she has not had a sufficient opportunity to be heard, thus implicating due process concerns, that contention is foreclosed here. As pointed out in the Appeals Council Order, Plaintiff pursued her initial application through review by the Ninth Circuit Court of Appeals. No colorable claim of denial of due process can be had with respect to that application. To the extent she asserts that she is entitled to a hearing on the instant application, she is mistaken. As the Eleventh Circuit noted in a similar scenario:

> Cash contends that she raises a colorable constitutional claim because she argues that her due process rights were violated when the ALJ denied her an evidentiary hearing on the merits of her second application. However, her due process argument hinges on a finding that a reopening occurred, thus entitling her to a hearing under 20 C.F.R. § 404.992(b). As we explained, no reopening occurred in Cash's case. Therefore, Cash has not asserted a colorable constitutional claim.

*Cash v. Barnhart, supra,* 327 F.3d at 1257, fn. 8. Absent the application of either exception, the Court is without subject matter jurisdiction to review the Commissioner's decision not to reopen her claim. As such, the complaint is without merit and must be **dismissed,** and the application should therefore be **denied.**[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 10, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] Although not dispositive in view of the lack of subject matter jurisdiction over the Appeals Council's Order, the Court notes that Plaintiff's application is deficient in that it indicates that she has been without any source of income whatsoever for the last 12 months and has no assets at all. Plaintiff fails to explain how she subsists in such a case.